# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA,**

**vs.**
　　　　　　　　　　　　　　　　　　　　　　　Case No. 4:92cr4013-WS
　　　　　　　　　　　　　　　　　　　　　　　Case No. 4:05cv256-WS/WCS

**EMERSON DAVIS,**

　　Defendant.
_____/

## REPORT AND RECOMMENDATION ON MOTIONS

Defendant Emerson Davis filed a document titled "Jurisdictional Question," and another titled "Void Judgment Fraude [sic] on the Court Lack of Jurisdiction," with memorandum of law. Docs. 1631 and 1632.

**Claims Asserted**

Defendant asserts that the court lacked jurisdiction to impose an enhanced sentence, that his indictment was vague and insufficient, that there was a constructive amendment of the indictment or variance, and that jurisdictional defects cannot be waived or procedurally defaulted. Doc. 1631, pp. 3-10; doc. 1632. He asserts that this court has jurisdiction to consider these claims under Fed.R.Civ.P. 60(b)(6) and Gonzalez v. Crosby, 545 U.S. __, 125 S.Ct. 2641, __ L.Ed.2d __, 2005 WL 1469516

(June 23, 2005).  Doc. 1632, p. 1.  He asserts that the court can take judicial notice that his previously filed motion was denied without prejudice, and claims that he raised this issue in his previous 28 U.S.C. § 2255 motion.  *Id.*, p. 2.  Defendant contends that since an essential element of the offense (the time frame of the conspiracy) was not presented to the grand jury, the court lacked subject matter jurisdiction and there was no jury verdict.  *Id.*, p. 3.  He asserts that Rule 60(b)(6) is available for reopening the final judgment and addressing his jurisdictional claim on the merits.  *Id.*

Defendant asserts fraud on the court, as the prosecutor knew that the indictment was fatally insufficient for failing to allege a starting date of the conspiracy.  *Id.*, p. 4.  Defendant asserts that he "raise[d] his jurisdiction defects in his first § 2255 petition. The issue was never address[ed] by the government or the Court rendering his 2255 petition 'inadequate and ineffective.' " *Id.*, p. 7.[1]  Defendant asserts that the denial of a certificate of appealability foreclosed any opportunity for him to obtain review, and that the denial was "erroneous error."  *Id.*, pp. 16-17.  For relief, Defendant asks the court to vacate the judgment and dismiss the indictment.  *Id.*, p. 20.

---

[1] This language could be construed as an attempt to invoke the savings clause of 28 U.S.C. § 2255, which provides that a defendant who is entitled to proceed by § 2255 motion may file a habeas corpus petition, but only if the § 2255 remedy "is inadequate or ineffective to test the legality of his detention."  § 2255.  There is no need to consider whether Defendant could proceed under the savings clause as interpreted in Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999), however.  The court lacks jurisdiction under § 2241, because Defendant is (and was when he filed) incarcerated at the United States Penitentiary in Atlanta, Georgia.  Rumsfeld v. Padilla, 542 U.S. 426, __,124 S.Ct. 2711, 2722, 159 L.Ed.2d 513 (2004) (district courts are limited by § 2241(a) to granting habeas relief "within their respective judisdictions," and must have jurisdiction over the custodian; the traditional rule is that the writ is "issuable only in the district of confinement.") (citations omitted).  See also Lee v. Wetzel, 244 F.3d 370, 373-374 and n. 3 (5th Cir. 2001) (the sentencing court does not have jurisdiction to consider the merits of a § 2241 petition brought under the savings clause, unless the petitioner or his custodian is also located there)

Case Nos. 4:92cr4013-WS and 4:05cv256-WS/WCS

As set forth ahead in the discussion of the prior § 2255 proceeding, Defendant's § 2255 motion was not denied "without prejudice" such that he may now bring his claim without regard to the limitations on filing second or successive motions. A second or successive § 2255 motion may not be filed or considered by this court absent authorization from the court of appeals, which has not been granted here. § 2255, referencing 28 U.S.C. § 2244. Further, even to the extent that the undersigned's recommendation (as viewed in hindsight based on new developments in the law) was erroneous, and assuming that the erroneous portion of that recommendation was adopted by the district judge, Rule 60 affords no relief.

**Prior § 2255 Proceeding**

Defendant previously filed a motion to vacate his sentence pursuant to § 2255. Docs. 1356-1358 (amended motion, memorandum, and affidavit). Counsel was appointed and an evidentiary hearing was held. A report and recommendation was entered on June 8, 2001. Doc. 1507. The undersigned found that Defendant was not entitled to relief on grounds one through eleven, and recommended denial of relief with prejudice on those claims. *Id.*, pp. 1-20, 28.

Ground twelve, however, was based on <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).[2] The undersigned noted that the circuit courts were split as to whether an indictment error under <u>Apprendi</u>, for failure to present drug quantity to the grand jury (a presentment clause claim) was a structural error or trial

---

[2] In <u>Apprendi</u>, the Court "confirm[ed] the opinion that we expressed in [<u>Jones v. United States</u>, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999)]. Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. at 2362-63.

error. *Id.*, pp. 20-24.  It was noted that the one year limitations period could be restarted from the date on which the right was decided "if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.*, p. 26, *quoting* § 2255, paragraph 6, clause (3).[3]  As the right recognized in Apprendi had not yet been made retroactive, it was recommended that the claim should be held in abeyance by finding it premature.  *Id.*, p. 27.  "If Apprendi is not applied retroactively, there will be no need to reach the merits of any such claims.  *If it is applied retroactively, and if the Supreme Court itself says so, then a one year period will open for all defendants who wish to bring these claims.*"  *Id.*, pp. 27-28 (emphasis added).  Under a recently decided case, the emphasized portion of the conclusion was erroneous.  In Dodd v. United States, __ U.S. __, 125 S.Ct. 2478, __ L.Ed.2d __ (June 20, 2005) (holding that ¶ 6(3) commences the one year period from the date on which the right was initially recognized, not the date on which the circuit court decided the right applied retroactively).

The recommendation was signed on June 8, 2001.  Defendant filed objections to the report and recommendation on June 20, 2001, challenging (*inter alia*) the undersigned's conclusion that the Apprendi claim was premature.  Doc. 1514, pp. 3-4.  This point was well taken, given that the undersigned's conclusion would ultimately be undermined in Dodd.  This court could have decided in the first instance whether Apprendi applied retroactively, rather than finding the claim "premature" under ¶ 6(3).  *See also* Garcia v. United States, 278 F.3d 1210, 1213, nn. 4 and 5 (11th Cir.), *cert.*

---

[3] The limitations language appears in paragraph 6 of § 2255 (the paragraphs are not lettered, as they are in § 2254), which includes sections (1) to (4).  Only clause (3) (hereafter ¶ 6(3)) is at issue here.

*denied*, 537 U.S. 895 (2002) (assuming that "made retroactively applicable" did not mean that the Supreme Court or circuit court must have previously decided that the right was retroactively applicable).[4]

On September 25, 2001, while the report and recommendation was still pending, the Eleventh Circuit found that indictment error under Apprendi is not structural or jurisdictional, and held that Apprendi does not apply retroactively on collateral review. McCoy v. United States, 266 F.3d 1245, 1253-58 (11th Cir. 2001), *cert. denied*, 536 U.S. 906 (2002).  Thus, there was no longer any need to abate ground 12 pending a binding decision on retroactivity.  Over a year later, the report and recommendation was adopted in an order denying Defendant's amended § 2255 motion with prejudice.  Docs. 1572 and 1573 (order and judgment, both entered on the docket on September 24, 2002).[5]  There is no language in the order indicating any claim was dismissed without prejudice.  A certificate of appealability was denied by this court.  Doc. 1607.  A

---

[4] The proper interpretation of ¶ 6(3) is debatable.  Dissenting in Dodd, Justice Stevens noted that the majority and parties relied on (and did not challenge) the assumption "that the decision to make a new rule retroactive for purposes of this section can be made by any lower court," but he believed the correct interpretation was that the retroactivity decision must be made by the Supreme Court.  124 S.Ct. at 2486, n. 4 (J. Stevens, dissenting).  Justices Souter, Ginsburg and Breyer joined the dissent, but not this footnote.  *Id.*  Justice Ginsburg, in a dissent joined by Justice Breyer, explained that she did not join this footnote because it had been assumed, for present purposes, that the retroactivity decision could be made by a court of appeals, and "[w]e have no cause in this case to question that assumption."  124 S.Ct. at 2490, n. * (J. Ginsburg, dissenting).

[5] As noted in the order adopting the recommendation, Defendant had been granted a stay to allow counsel time to investigate a factual issue, but "[a]lthough more than a year has passed, the defendant has filed nothing but a motion to adopt Marlin Davis's supplemental memorandum for resentencing."  Doc. 1572, p. 1.

Case Nos. 4:92cr4013-WS and 4:05cv256-WS/WCS

certificate of appealability was ultimately denied by the Eleventh Circuit, and a petition for writ of certiorari was denied.[6]

It therefore seems clear that the prior § 2255 motion was denied with prejudice on all claims. The "without prejudice" discussion was set forth only in the report and recommendation, *in the event that* it might later be decided that Apprendi applies retroactively. This event did not occur. At the same time it was noted that if Apprendi was *not* ultimately applied retroactively (either by the Eleventh Circuit or the Supreme Court), then there would be no need to reach the merits of such claims. The Eleventh Circuit's decision in McCoy, decided after the report and recommendation was issued but before the district judge adopted it, disposed of any potential Apprendi claim.

Defendant has not been granted authorization for filing a second or successive § 2255 motion by the court of appeals. His current motions seek relief available, if at all, under § 2255, and should be summarily denied.

**Rule 60(b)**

Defendant attempts to bring his claims under Fed.R.Civ.P. 60(b)(6) rather than § 2255. "Rule 60(b) simply does not provide for relief from judgment in a criminal case." United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998); United States v. Fair, 326 F.3d 1317, 1318 (11th Cir. 2003) (quoting Mosavi).

---

[6] The last entry on this court's docket regarding the appeal is an Eleventh Circuit order of May 16, 2003, granting additional time for Defendant to file a brief. Doc. 1615. Contact with the Eleventh Circuit Clerk reveals that the certificate of appealability was denied on January 7, 2003, reconsideration was denied on June 24, 2003, and certiorari was denied on November 3, 2003. *See* Davis v. United States, 540 U.S. 997, 124 S.Ct. 501, 157 L.Ed.2d 398 (2003) (denying certiorari without opinion on November 3, 2003).

The Gonzalez case, cited by Defendant, was before the Court in the context of a Rule 60(b)(6) motion seeking relief from dismissal of a 28 U.S.C. § 2254 petition as untimely, not a motion for relief from a judgment of conviction. 125 S.Ct. at 2645. The Rule 60(b) motion was based on an opinion, decided some seven months after the § 2254 petition was dismissed, which showed that the district court's time bar ruling was incorrect. *Id.* Because the Rule 60(b) motion challenged *only* the prior ruling on the statute of limitations, it was not the equivalent of a second or successive petition. *Id.*, at 2650. But where a Rule 60(b) motion presents a "claim," which the Court defined as "an asserted federal basis for relief" from a judgment of conviction, then the motion is in substance a successive petition and should be treated accordingly. *Id.*, at 2647-48. Allowing a Rule 60(b) motion asserting entitlement to relief from the criminal judgment – whether raising a new rule of constitutional law, newly discovered facts, new evidence in support of a claim already litigated, or based on a purported change in substantive law – would circumvent the limitations on successive filings and the requirement that a successive petition be precertified by the court of appeals. *Id.*

Defendant does not seek Rule 60(b) relief based solely on the ruling that his Apprendi claim was premature, or contend that this court should have determined retroactivity in the first instance under ¶ 6(3). Instead, Defendant seeks relief based on one or more "claims" as described in Gonzalez, because he seeks relief on the merits from his conviction and sentence. Authorization for filing a second or successive motion has not been granted, and this court cannot consider his challenges to the criminal judgment.

Case Nos. 4:92cr4013-WS and 4:05cv256-WS/WCS

Finally, even if Defendant could proceed pursuant to Rule 60(b)(6), his claims do not present "extraordinary circumstances" warranting Rule 60(b)(6) relief.  Whether or not his claim was improperly deemed premature pending a higher court's ruling on retroactivity, and whether or not this itself could be an extraordinary circumstance,[7] subsequent cases have consistently held that Apprendi and its progeny do not apply retroactively on collateral review.  McCoy; Schriro v. Summerlin, 542 U.S. __, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004) (holding that the extension of Apprendi in Ring v. Arizona, 536 U.S. 584, 589, 122 S.Ct. 2428, 2432, 153 L.Ed.2d 556 (2002), did not apply retroactively); Varela v. United States, 400 F.3d 864, 867 (11th Cir. 2005) (holding that Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and United States v. Booker, 543 U.S. __, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) do not apply retroactively on collateral review)[8] (citing McCoy and Schriro, other citations omitted).  *See also* Guzman v. United States, 404 F.3d 139, 140 (2d Cir. 2005) (agreeing with the Sixth, Seventh, Tenth, and Eleventh Circuits that Booker is not retroactive) (citing Varela, other citations omitted); Lloyd v. United States, 407 F.3d 608, 615-616 (3d Cir. 2005) (joining the other circuits, collecting cases).  Any error in the prior ruling on Defendant's Apprendi claim could not be prejudicial to Defendant because Apprendi still does not apply to him.

---

[7] *Cf*. Gonzalez, 125 S.Ct. at 2650-51 (even if legal interpretation of the statute of limitations was proven incorrect by a later interpretation, this was hardly extraordinary, and all the less so due to the petitioner's lack of diligence).

[8] In Blakely, the Court defined "statutory maximum" for Apprendi purposes.  In Booker, the Court extended Blakely to the Federal Sentencing Guidelines.

**Recommendation**

It is therefore respectfully **RECOMMENDED** that Defendant Davis's motions, docs. 1631 and 1632, be **SUMMARILY DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on July 25, 2005.


s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.