## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA,**

**vs.**

                                         **Case No. 4:92cr4013-WS**
                                         **Case No. 4:05cv462-WS/WCS**

**EMERSON DAVIS,**

      **Defendant.**

                                       /

## REPORT AND RECOMMENDATION ON § 2255 MOTION

       Defendant Emerson Davis filed a document titled "Memorandum in Support of 28 U.S.C. § 2255 6(3) Motion."  Doc. 1676.  Paragraph 6 of § 2255 provides a one year time limit for filing a § 2255 motion, which runs from the latest of the dates specified in that paragraph.  Paragraph 6, section (3) provides that the one year may commence on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

       Defendant asserts that his sentence was invalid and must be vacated in light of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).  *Id.*, pp.

1-3.  He asserts that the one year period for filing a § 2255 motion commenced on the date of the Booker opinion.  *Id.*, pp. 3-4, citing Dodd v. United States, 545 U.S. __, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

Regardless of the time limit, a second or successive § 2255 motion may not be filed or considered by this court absent authorization from the court of appeals.  § 2255, referencing 28 U.S.C. § 2244.  Defendant previously filed a motion to vacate his sentence pursuant to § 2255.  Docs. 1356-1358 (amended motion, memorandum, and affidavit).  Counsel was appointed, an evidentiary hearing was held, and relief was denied.  Docs. 1507 and 1572 (report and recommendation as adopted by the court), and 1573 (judgment entered on the docket on September 24, 2002).

All this was noted in a report and recommendation addressing arguments recently filed by this Defendant.  Docs. 1633 and 1640 (report and recommendation as adopted by the court).  It was also noted that Defendant's § 2255 motion had been denied with prejudice on all grounds, a certificate of appealability was denied by this court and the Eleventh Circuit, and a petition for writ of certiorari had been denied.  Doc. 1633, pp. 2-6.  As Defendant had not been granted authorization for filing a second or successive § 2255 motion by the court of appeals and his then current motions sought relief available, if at all, under § 2255, it was recommended they be summarily denied.  *Id.*, pp. 6-9.  Finally, it was noted that Defendant was not entitled to relief under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and its progeny (including Blakely and Booker) because those cases did not apply retroactively on collateral review.  *Id.*, p. 8.

Defendant again seeks relief available, if at all, by second or successive motion filed with authorization from the court of appeals.  Authorization has not been granted, and the current § 2255 motion must be dismissed.

It is therefore respectfully **RECOMMENDED** that Defendant's § 2255 motion, doc. 1676, be **SUMMARILY DISMISSED** as authorization for filing a second or successive motion has not been granted.

**IN CHAMBERS** at Tallahassee, Florida, on December 9, 2005.


 S/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.